UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANE SNIDER,

           Plaintiff,

   v.

LANE SNIDER,

           Defendant.

CASE NO. C15-1615 MJP

ORDER DISMISSING CASE FOR LACK OF JURISDICTION

THIS MATTER comes before the Court on its own motion. Plaintiff has filed a complaint and application for an ex parte temporary protective order (Dkt. No. 5), through which Plaintiff seeks an order of protection for her children who reside in Canada with Defendant. Specifically, Plaintiff seeks an order directing the US Department of Homeland Security to take her children into their custody upon their first crossing into United States territory, and forbidding the Defendant from having any contact with the children until a hearing date set by the Court, at which time the Court will determine who shall have custody of the children. (Id. at 18.) Plaintiff also seeks to subpoena documents that might aid the Court in making its custody determination. (Dkt. Nos. 5-1, 5-2.)

1    Having carefully reviewed Plaintiff's complaint, application for an ex parte temporary
2 protective order, and all related papers, the Court concludes that Plaintiff's complaint does not
3 provide a basis for jurisdiction in the United States federal courts, and therefore that this Court
4 lacks subject matter jurisdiction over this case.  Because this Court cannot hear this case, the
5 Court ORDERS that it be DISMISSED without prejudice, as explained in greater detail below.
6    Federal courts are courts of limited jurisdiction and are only empowered to hear certain
7 types of cases.  In order for the Court to consider a case, the Plaintiff must establish the Court's
8 jurisdiction to hear that case.  See Indus. Tectonics, Inc. v. Aero 11 Alloy, 912 F.2d 1090, 1092
9 (9th Cir. 1990).  If the Court determines at any time that it lacks subject matter jurisdiction over
10 that case, the Court must dismiss the case.  See Federal Rule of Civil Procedure 12(h)(3).
11 Plaintiff asserts she is entitled to the return of her children under the Hague Convention, with the
12 Hague Convention serving as the jurisdictional basis for this Court to hear the case.  (Dkt. No. 5
13 at 2.)  However, the Court finds that Plaintiff cannot state a claim for relief under the Hague
14 Convention.
15    The Hague Convention on the Civil Aspects of International Child Abduction is intended
16 to "prevent the use of force to establish artificial jurisdictional links on an international level,
17 with a view to obtaining custody of a child."  Mozes v. Mozes, 239 F.3d 1067, 1069 (9th Cir.
18 2001) (internal quotation marks and citation omitted).  In other words, the Convention seeks to
19 protect children internationally from the harmful effects of their wrongful removal or retention
20 and to establish procedures to ensure their prompt return to the State of their habitual residence,
21 as well as to secure protection for rights of access.  Id. at 1070.  To accomplish this, the
22 Convention provides that a child who was habitually residing in one country and is wrongfully
23 removed to or retained in another country should be returned to that child's country of habitual
24

ORDER DISMISSING CASE FOR LACK OF
JURISDICTION- 2

residence, so that that country may decide the merits of the child custody dispute. Id. In order to acquire a new habitual residence, there must be (1) a settled intention to abandon the habitual residence left behind, and (2) an actual change in geography combined with the passage of an appreciable period of time "sufficient for acclimatization." Holder v. Holder, 392 F.3d 1009, 1015 (9th Cir. 2004). The Hague Convention, therefore, cannot be used to move children from their habitual residence to another country for a custody determination in the other country.

Accepting the facts alleged in Plaintiff's complaint as true, Canada is the children's place of habitual residence. Plaintiff alleges that the children reside in Canada. (Dkt. No. 5 at 1-6.) Plaintiff alleges that, fleeing domestic abuse and fearing for her children's safety, she brought them into the United States on September 19, 2014. (Id. at 4.) Plaintiff alleges that they then drove across the United States for the next three weeks until they arrived in North Carolina. (Id. at 5.) Plaintiff alleges she notified Defendant of their arrival in North Carolina, and that Defendant removed the children from her and returned them to Canada on October 29, 2014. (Id.) Accepting Plaintiff's allegations as true, Plaintiff's children resided in the United States for at most six weeks, three of which were spent in transit. This amount of time and type of contact is insufficient to establish that the United States is the children's new habitual residence, to which they have become acclimatized. See Holder, 392 F.3d at 1015. Because the Hague Convention cannot be used to move children from their habitual residence to another country for a custody determination in the other country, Plaintiff cannot state a plausible claim for the return of her children under the Hague Convention.

Furthermore, the Convention's focus is on whether or not a child should be returned to a certain country for custody proceedings, not on what the outcome of those proceedings should be. Id. at 1013. In other words, the Convention does not provide this Court with the authority to

decide the merits or substance of the child custody dispute, as Plaintiff requests.  In sum, Plaintiff does not have a claim for the return of her children to the United States under the Hague Convention.

Plaintiff also asserts that the Court should implement temporary emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").  (Dkt. No. 5 at 2.)  The UCCJEA is a state law—codified in Washington state at Revised Code of Washington ("RCW") § 26.27.011 et seq.—and state statutes cannot confer federal court jurisdiction.

In sum, the Court concludes that it does not have jurisdiction to hear this case.  Because of the emergency nature of the relief sought, the Court finds that any delay in adjudication would be imprudent.  Accordingly, the Court DISMISSES Plaintiff's complaint and this action for lack of federal subject matter jurisdiction.  This dismissal is without prejudice, meaning that Plaintiff's complaint may be refiled in a court that has jurisdiction.

The clerk is ORDERED to provide copies of this order to Plaintiff, to seal the E-mail From Filer containing Plaintiff's current address (Dkt. No. 3-1), and to redact Plaintiff's address from the docket.

Dated this 16th day of October, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER DISMISSING CASE FOR LACK OF
JURISDICTION- 4